1

2

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 08, 2022

SEAN F. McAVOY, CLERK

3

4

5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

6

7 | LENORD D.,

8 |        Plaintiff,

9 |   v.

10 | KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,

11

12 |        Defendant.

No: 2:21-CV-00246-LRS

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

13       BEFORE THE COURT are the parties' cross-motions for summary

14 judgment. ECF Nos. 13, 15. This matter was submitted for consideration without

15 oral argument. Plaintiff is represented by attorney Chad Hatfield. Defendant is

16 represented by Special Assistant United States Attorney Benjamin J. Groebner.

17 The Court, having reviewed the administrative record and the parties' briefing, is

18 fully informed. For the reasons discussed below, the Court **GRANTS, in part,**

19 Plaintiff's Motion for Summary Judgment, ECF No. 13, **DENIES** Defendant's

20 Motion for Summary Judgment, ECF No. 15, and **REMANDS** the case to the

21 Commissioner for additional proceedings.

ORDER ~ 1

**JURISDICTION**

Plaintiff Lenord D.[1] filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on April 2, 2018, Tr. 84, 85, alleging disability since February 23, 2018, Tr. 174, 183, due to dizziness, neck injury, back pain, insomnia, depression, anxiety, headaches, and high blood pressure, Tr. 219.  Benefits were denied initially, Tr. 115-18, and upon reconsideration, Tr. 121-26.  A hearing before Administrative Law Judge Mark Kim ("ALJ") conducted on December 8, 2020.  Tr. 35-61.  The ALJ took the testimony of Plaintiff, who was represented by counsel, and of vocational expert Erin Hunt.  *Id*.  The ALJ denied benefits on January 15, 2021.  Tr. 15-28.  The Appeals Council denied Plaintiff's request for review on June 11, 2021, Tr. 1-6, and the ALJ's January 15, 2021 decision became the final decision of the Commissioner.  This case is now before this Court pursuant to 42 U.S.C. §§ 405(g); 1383(c).  ECF No. 1.

**BACKGROUND**

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner.

---

[1]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

1   Only the most pertinent facts are summarized here.

2        Plaintiff was 55 years old at the alleged onset date. Tr. 174. He completed

3   the twelfth grade in 1982. Tr. 220. Plaintiff had a work history as a driver and

4   laborer. Tr. 221. At application, he stated that he stopped working on November

5   1, 2017 because the job was seasonal, but that as of February 23, 2018 his

6   conditions became severe enough to keep him from working. Tr. 220.

7                              **STANDARD OF REVIEW**

8        A district court's review of a final decision of the Commissioner of Social

9   Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

10  limited; the Commissioner's decision will be disturbed "only if it is not supported

11  by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

12  1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a

13  reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

14  (quotation and citation omitted). Stated differently, substantial evidence equates to

15  "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and

16  citation omitted). In determining whether the standard has been satisfied, a

17  reviewing court must consider the entire record as a whole rather than searching

18  for supporting evidence in isolation. *Id*.

19       In reviewing a denial of benefits, a district court may not substitute its

20  judgment for that of the Commissioner. "The court will uphold the ALJ's

21  conclusion when the evidence is susceptible to more than one rational

ORDER ~ 3

1    interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

2    Further, a district court will not reverse an ALJ's decision on account of an error

3    that is harmless. *Id*. An error is harmless where it is "inconsequential to the

4    [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted).

5    The party appealing the ALJ's decision generally bears the burden of establishing

6    that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

7                          **FIVE-STEP EVALUATION PROCESS**

8         A claimant must satisfy two conditions to be considered "disabled" within

9    the meaning of the Social Security Act. First, the claimant must be "unable to

10    engage in any substantial gainful activity by reason of any medically determinable

11    physical or mental impairment which can be expected to result in death or which

12    has lasted or can be expected to last for a continuous period of not less than twelve

13    months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be

14    "of such severity that he is not only unable to do his previous work[,] but cannot,

15    considering his age, education, and work experience, engage in any other kind of

16    substantial gainful work which exists in the national economy." 42 U.S.C. §

17    423(d)(2)(A).

18         The Commissioner has established a five-step sequential analysis to

19    determine whether a claimant satisfies the above criteria. See 20 C.F.R. §§

20    404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner

21    considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i),

ORDER ~ 4

1    416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

2    Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

3    404.1520(b), 416.920(b).

4         If the claimant is not engaged in substantial gainful activity, the analysis

5    proceeds to step two.  At this step, the Commissioner considers the severity of the

6    claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the

7    claimant suffers from "any impairment or combination of impairments which

8    significantly limits [her] physical or mental ability to do basic work activities," the

9    analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the

10   claimant's impairment does not satisfy this severity threshold, however, the

11   Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

12   404.1520(c), 416.920(c).

13        At step three, the Commissioner compares the claimant's impairment to

14   severe impairments recognized by the Commissioner to be so severe as to preclude

15   a person from engaging in substantial gainful activity.  20 C.F.R. §§

16   404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more

17   severe than one of the enumerated impairments, the Commissioner must find the

18   claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

19        If the severity of the claimant's impairment does not meet or exceed the

20   severity of the enumerated impairments, the Commissioner must pause to assess

21   the claimant's "residual functional capacity."  Residual functional capacity

ORDER ~ 5

1 ("RFC"), defined generally as the claimant's ability to perform physical and

2 mental work activities on a sustained basis despite his or her limitations, 20 C.F.R.

3 §§ 404.1545(a)(1), 416.945(a), is relevant to both the fourth and fifth steps of the

4 analysis.

5      At step four, the Commissioner considers whether, in view of the claimant's

6 RFC, the claimant is capable of performing work that he or she has performed in

7 the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

8 If the claimant is capable of performing past relevant work, the Commissioner

9 must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

10 If the claimant is incapable of performing such work, the analysis proceeds to step

11 five.

12      At step five, the Commissioner considers whether, in view of the claimant's

13 RFC, the claimant is capable of performing other work in the national economy.

14 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination,

15 the Commissioner must also consider vocational factors such as the claimant's age,

16 education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),

17 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the

18 Commissioner must find that the claimant is not disabled. 20 C.F.R. §§

19 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other

20 work, analysis concludes with a finding that the claimant is disabled and is

21 therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

ORDER ~ 6

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, February 23, 2018. Tr. 17. At step two, the ALJ found that Plaintiff had the following severe impairments: vestibular disorder/intermittent dizziness/vertigo due to motor vehicle accident. Tr. 17. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 20. The ALJ then found that Plaintiff had the RFC to perform light work as defined in 20 CFR §§ 404.1567(c), 416.967(c) with the following limitations: "he can never climb ladders or scaffolds; only occasionally climb flights of stairs, and frequently balance; and he must avoid unprotected heights." Tr. 20. At step four, the ALJ identified Plaintiff's past relevant work as a forest firefighter and found that Plaintiff could not perform this past relevant work. Tr. 26. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that

ORDER ~ 7

1   Plaintiff could perform, including hand packager, cook helper, and machine

2   packager.  Tr. 27.  On that basis, the ALJ concluded that Plaintiff was not under a

3   disability, as defined in the Social Security Act since the alleged date of onset,

4   February 23, 2018, through the date of the decision.  Tr. 28.

5                                    **ISSUES**

6       Plaintiff seeks judicial review of the Commissioner's final decision denying

7   him DIB under Title II and SSI under Title XVI of the Social Security Act.  ECF

8   No. 13.  Plaintiff raises the following issues for this Court's review:

9       1.    Whether the ALJ properly addressed the  medical opinion evidence;

10      2.    Whether the ALJ properly addressed Plaintiff's symptom statements;

11      3.    Whether the ALJ erred at step two; and

12      4.    Whether the ALJ erred a step five.

13  ///

14  ///

15                                 **DISCUSSION**

16  **1.    Medical Source Opinions**

17      Plaintiff challenged the ALJ's treatment of the opinion of Michael Hixon,

18  M.D. and argues that the ALJ failed to consider opinion evidence from Kelly

19  Christine Glidewell, ARNP.  ECF No. 13 at 9-11.

20      For claims filed on or after March 27, 2017, new regulations apply that

21  change the framework for how an ALJ must weigh medical opinion evidence.

ORDER ~ 8

*Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL

168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c.

The new regulations provide that the ALJ will no longer give any specific

evidentiary weight to medical opinions or prior administrative medical findings,

including those from treating medical sources.  20 C.F.R. §§ 404.1520c(a)

416.920c(a).  Instead, the ALJ will consider the persuasiveness of each medical

opinion and prior administrative medical finding, regardless of whether the

medical source is an Acceptable Medical Source.  20 C.F.R. §§ 404.1520c(c),

416.920c(c).  The ALJ is required to consider multiple factors, including

supportability, consistency, the source's relationship with the claimant, any

specialization of the source, and other factors (such as the source's familiarity with

other evidence in the file or an understanding of Social Security's disability

program).  *Id.*  The regulations emphasize that the supportability and consistency

of the opinion are the most important factors, and the ALJ must articulate how he

considered those factors in determining the persuasiveness of each medical opinion

or prior administrative medical finding.  20 C.F.R. §§ 404.1520c(b), 416.920c(b).

The ALJ may explain how he considered the other factors, but is not required to do

so, except in cases where two or more opinions are equally well-supported and

consistent with the record.  *Id.*

Supportability and consistency are further explained in the regulations:

(1) *Supportability.* The more relevant the objective medical evidence
and supporting explanations presented by a medical source are to

ORDER ~ 9

support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c), 416.920c(c).[2]

### A.    Michael Hixon, M.D.

On January 8, 2019, Dr. Hixon completed a physical evaluation and diagnosed Plaintiff with a neck injury, status post motor vehicle accident in February of 2018, back pain, insomnia, dizziness, headache, hypertension, depression, and anxiety.  Tr. 350-55.  He provided the following functional assessment:

> maximum standing and walking capacity at least 6 hours.  Maximum sitting capacity, no limitation.  Assistive device, none.  Maximum lifting and carrying capacity 50 pounds occasionally and 25 pounds

---

[2]The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether an ALJ is still required to provide specific and legitimate reasons for discounting a contradicted opinion from a treating or examining physician.//ECF Nos. 15 at 11-13, 16 at 2.//The Ninth Circuit has held that the new regulations displace its prior caselaw and the specific and legitimate standard no longer applies.//*See Woods v. Kijakazi*, 32 F.4th 758, 787 (9th Cir. 2022).

ORDER ~ 10

frequently.  Postural activities, never.  He does have complaints of positional vertigo and these activities will trigger or worsen vertigo or they may result in a fall if he develops vertigo.  Otherwise, no limitation with extremes of temperature, chemicals, dust, fumes, excessive noise.

Tr. 354.  The ALJ found the opinion partially persuasive, accepting all the opined limitations except the preclusion from postural activities and the fall risk: "I find the examiner's opinion restricting postural activity to 'never' and statement regarding his fall risk overestimate the claimant's limitations and lack of supporting evidence." Tr. 25.

The ALJ is required to discuss supportability and consistency when determining the persuasiveness of the medical opinions in the record.  20 C.F.R. §§ 404.1520c(b), 416.920c(b).  In finding that the new regulations displace prior case law, the Ninth Circuit emphasized that an explanation supported by substantial evidence is still required:

> Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence.  The agency must "articulate . . . how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

*Woods*, 32 F.4th at 792.  Therefore, the ALJ's statement that the opined limitations "lack supporting evidence" alone is not sufficient under the new regulations. There needs to be some explanation with a citation to substantial evidence. Therefore, the case is remanded for the ALJ to properly address the opinion and provide an explanation as to why the postural portion of the opinion was not

ORDER ~ 11

1  adopted in accord with S.S.R. 96-8p.  This S.S.R. requires that the RFC "must

2  always consider and address medical source opinions.  If the RFC assessment

3  conflicts with an opinion from a medical source, the adjudicator must explain why

4  the opinion was not adopted."

5      **B.    Kelly Christine Glidewell, ARNP**

6      On March 22, 2018, Nurse Glidewell stated that "Patient's work forms filled

7  out today be off work until vertigo resolves."  Tr. 281.  The ALJ did not address

8  the statements made by Nurse Glidewell's statement in his decision.   Plaintiff

9  asserts that the ALJ erred by failing to discuss this statement arguing that it rises to

10  the level of medical source opinions. ECF No. 16 at 4-5.  Medical opinions are

11  defined as "a statement from a medical source about what you can still do despite

12  your impairment(s) and whether you have one more impairment-related limitations

13  or restrictions" in abilities such as sitting, standing, walking.  20 C.F.R. §§

14  404.1513(a)(2), 416.913(a)(2).  A finding that Plaintiff is disabled or unable to

15  work is an issue reserved for the Commissioner, and such an opinion from a

16  medical source is considered neither valuable nor persuasive and does not need to

17  be discussed in the ALJ decision.  20 C.F.R. §§ 404.1520b(c), 416.920b(c).

18  Therefore, the ALJ did not err in not addressing Nurse Glidewell's statement.

19  **2.    Plaintiff's Symptom Statements**

20      Plaintiff argues that the ALJ erred in evaluating his symptom testimony.

21  ECF No. 13 at 13-19.

ORDER ~ 12

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995), but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 22. The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to readdress the medical source opinion from Dr. Hixon, a new assessment of Plaintiff's subjective symptom statements will be necessary.

**3.    Step Two**

Plaintiff challenges the ALJ's step two decision finding Plaintiff's other alleged impairments to be not severe. ECF No. 13 at 11-13.

The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). An

ORDER ~ 13

impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. §§ 404.1522(a), 416.922(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen*, 80 F.3d at 1290 (internal quotation marks omitted). A claimant's own statement of symptoms alone will not suffice. *See* 20 C.F.R. §§ 404.1521, 416.921.

The ALJ found that Plaintiff had only one impairment at step two: vestibular disorder/intermittent dizziness/vertigo due to motor vehicle accident. Tr. 17. The ALJ has been instructed to readdress the opinion from Dr. Hixon on remand. This opinion includes a diagnosis of impairments in addition to Plaintiff's vertigo. Therefore, on remand, the ALJ will also readdress his step two determination.

**4.    Step Five**

Plaintiff challenges the ALJ's step five determination by arguing that the vocational expert relied on an incomplete hypothetical. ECF No. 13 at 19. Here, the ALJ has been instructed to readdress Dr. Hixon's opinion and Plaintiff's symptom statements on remand. Therefore, a new RFC determination is required, as well as a new step four and a new step five determination.

**CONCLUSION**

Plaintiff requests that the case be remanded for additional proceedings. ECF

ORDER ~ 14

1  No. 13 at 19-20.

2       The decision whether to remand for further proceedings or reverse and

3  award benefits is within the discretion of the district court.  *McAllister v. Sullivan*,

4  888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate

5  where "no useful purpose would be served by further administrative proceedings,

6  or where the record has been thoroughly developed," *Varney v. Sec'y of Health &*

7  *Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by

8  remand would be "unduly burdensome[.]"  *Terry v. Sullivan*, 903 F.2d 1273, 1280

9  (9th Cir. 1990); *see also Garrison v. Chater*, 759 F.3d 995, 1021 (9th Cir. 2014)

10  (noting that a district court may abuse its discretion not to remand for benefits

11  when all of these conditions are met).  This policy is based on the "need to

12  expedite disability claims." *Varney*, 859 F.2d at 1401.  But where there are

13  outstanding issues that must be resolved before a determination can be made, and it

14  is not clear from the record that the ALJ would be required to find a claimant

15  disabled if all the evidence were properly evaluated, remand is appropriate.  *See*

16  *Benecke*, 379 F.3d at 595-96; *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir.

17  2000).

18       The Court finds that it is not clear from the record that the ALJ would be

19  required to find Plaintiff disabled if all the evidence were properly evaluated.

20       Upon remand, the ALJ will readdress Dr. Hixon's opinion, readdress

21  Plaintiff's symptom statement, readdress step two, make a new RFC determination,

ORDER ~ 15

1   make a new step four determination, and make a new step five determination.  The

2   ALJ will supplement the record with any outstanding evidence and call  a

3   vocational expert to provide testimony at any remand proceedings.

4       **ACCORDINGLY, IT IS HEREBY ORDERED:**

5       1.  Plaintiff's Motion for Summary Judgment, ECF No. 13, is **GRANTED,**

6           **in part,** and the matter is **REMANDED** to the Commissioner for

7           additional proceedings.

8       2.  Defendant's Motion for Summary Judgment, ECF No. 15, is **DENIED**.

9       The District Court Clerk is directed to enter this Order and provide copies to

10  counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

11      **DATED** June 8, 2022.

12

13                          LONNY R. SUKO
                    Senior United States District Judge

14

15

16

17

18

19

20

21

ORDER ~ 16